Good morning, and may it please the Court, Andrew Kennedy on behalf of Petitioner Appellant Alfonso Senior, Jr., I intend to reserve two minutes for rebuttal. There are two issues before this Court now. The first is whether Mr. Senior's failure to exhaust his ineffective assistance of counsel claim is excused for cause under the Supreme Court's holding of Martinez v. Ryan, and the second is whether the introduction of his cousin's statement violates the Confrontation  I intend to address those in turn. With regard to Mr. Senior's claim of ineffective assistance of counsel, he should not be barred from presenting his meritorious claim because under the Supreme Court's holding of Martinez v. Ryan, he fits within a category of individuals that are allowed to present that petition, and even if this Court disagrees that Martinez doesn't control equitable principles as announced in Martinez, still dictate that he should be allowed to go forward with his claim. In Martinez, the Supreme Court reached an equitable holding that certain individuals, those who are fitting within two distinct classes, those who are unrepresented in their collateral proceedings, and those who have ineffective assistance of attorneys in their collateral proceedings, are allowed to establish cause and prejudice for why they did not pursue an ineffective assistance of trial claim in their collateral proceedings. The Supreme Court went on to hold that one part of that class of individuals, those who had ineffective attorneys, could not present that claim if the ineffective, if those ineffective attorneys only rendered deficient performance in a proceeding that was not the, quote, unquote, initial review collateral proceeding. If you read through Martinez v. Ryan, it routinely makes reference to initial review collateral proceedings, but every single time it does, it talks about the errors of counsel, whereas at other points in the opinion, it states that attorneys, that those who are pro se in their collateral proceedings do have the right to present their claim. And as I demonstrated in my opening brief, the reason for this is clear. Even the most ineffective attorney is going to realize that a State court holding that a Petitioner may not present a claim is a procedural ruling that needs, that can be appealed and ought to be appealed, especially in order to preserve it for appeal. However, in the case of a pro se Petitioner, someone like Mr. Senior, who doesn't have a high school degree, a ruling by the State court that he may not present his claim is tantamount to saying, this is a claim out of the State of Oregon and you're presenting it to a State court in Washington, you may not present this claim. And to him, that is saying, there's no point in your raising this claim. Let me just unscramble one thing to make sure we're on the same page. It was presented to the Washington Court of Appeals? It was presented to the Washington Court of Appeals. But not to the Supreme Court? Not to the Washington Supreme Court. The Washington... So, so I'm having some trouble. If it hadn't been presented at all and you're making the pro se argument, it might make some sense. But if it's raised once but not successively, I'm having trouble linking your argument to that. Because my point is that the Washington Court of Appeals essentially misled Mr. Senior. It told him, it told him first that his claim was the same as the claim that he had raised in his direct appeal, which it was not. His claim in his direct appeal had been that the juror was biased. The State court said, you can't raise this claim. Your attorney didn't even ask this juror any questions. So in his pro se post conviction petition, he argued that his attorney rendered deficient performance. The State Court of Appeals said, you may not raise this claim and dismissed it. So to him, that wasn't a statement of procedurally, we are ruling against you. This is a ruling which you may appeal. Rather, it was a statement of, this is an unjusticiable claim. That to he, again, as a pro se petitioner, completely unwarned in the law, did not understand to mean, I'm ruling against you on the merits. I understand your argument, but I disagree with them. You can take that to the next court. To him, that means. Did the Washington Court of Appeals ever say this is not appealable? You can't put it in your Supreme Court? It did not. Because the reality is, we see pro se cases all the time where they raise arguments all over the map, ones they raised before, but a bunch of new ones. And then the court on, like say the Washington Supreme Court says, well that's a brand new claim. But here he didn't even raise the claim he raised before. I don't disagree with your honor that he. I'm sorry, I guess I'm just having a disjunction here. With his legal right to, you're saying, well the Washington's Court of Appeals could have been clearer in its statement? I think it was more than being unclear in that they told him he may not raise the claim. I think if you look to the Supreme Court's holding in Martinez, it talks about the fact that petitioners unlearned in the law may not comply with the state's procedural rules or may misapprehend the substantive details of federal constitutional law. I don't disagree with you that he should have raised it to the Supreme Court. What I'm saying is that the Washington Supreme Court essentially affirmatively misled him as to whether he had the right to raise that claim. And that, based on the Supreme Court's holding in Martinez and based on the equities of the situation, is enough to demonstrate cause for an obstacle that he couldn't overcome, given the court's language, the fact that he was not represented, that he was not entitled to an attorney, the fact that the court was misconstruing his argument entirely. Let's assume that, just for the purpose of my question, that the panel were to conclude that it's not been defaulted and in habeas, we can get at what happened in the trial court with respect to this juror. What's your best Supreme Court case that says, under circumstances like this, it's constitutional error not to either question a juror or move to disqualify them for cause? I don't have that case off the top of my head, Your Honor. I've been briefing this issue specifically. I think the more prudent course of action would be to remand the case to the district court to deal with that issue, given that this was the issue that we've been dealing with. But I can look to see if . . . You don't know off the . . . and I'm . . . no criticism intended. You don't know off the top of your head a Supreme Court case that would be helpful in this regard, because I can think of some that would not be helpful. With regard to prejudice off the top of my head, I do not have that case. You want to talk about the uncertified issue? Sure. And I have the same question. What's your best Supreme Court case? We can argue later whether it's close enough, but what's your best Supreme Court case on the adoptive admissions issue? Specifically with regard to it being an adoptive admission or with regard to it being a confrontation issue? Both. Well, I think with regard to the confrontation clause issue, I think that all of the Supreme Court's holdings with regard to the confrontation clause support our position, including Crawford, just because all of those cases specifically dealt with police encounters. They all come back to the fact that it's an issue of what is the primary purpose of what the conversation was. And in this case, the primary purpose of the conversation was that Mr. Swigert was attempting to demonstrate that Mr. Senior had done it. Do we know that? I think that the facts support... Did the witness to the statement and the shaking of the head say why it was being asked? No, she didn't say why it was being asked. You can make the argument, perfectly fair argument, that that was Swigert's purpose, but we don't know that. Beyond the context, we don't know that. I see that I'm getting into my rebuttal time, so if there are no more questions, I'll reserve the remaining time for... I do have one more question. Oh. It seems to me that, in effect, you're arguing that you had an effective pro se at the level of the Court of Appeals, but then an ineffective one before the Washington Supreme Court. But you're arguing that somehow it was misled by the Washington Court of Appeals. What does the record reflect in terms of exactly what the Court said to him that you are referring to? The Court said that he was merely recasting his argument from the State court and that he may not do that. I have the exact language here, but I don't have it right at my fingertips. I could get it to you. Thank you. Thank you. Thank you. May it please the Court, John Sampson, Assistant Attorney General for the Respondent. Addressing Your Honor's last question about what the State Court of Appeals actually said, and this is at excerpts of Record 36, what the Court said was he may not recast a legal argument simply by changing some of the facts or the legal theories. And what the Court said was they had previously determined on direct appeal that the juror was not biased. Juror 43, I believe was the number, was not biased and therefore was properly kept on the jury. And what the Court was saying was since you can't show that the juror was biased, you can't obtain relief on a claim of ineffective assistance of counsel just by changing the theory. The Court never said, quote, you may not raise this claim. And in fact, he . . . But what the Court said is a petitioner may not renew issues that were considered and rejected on direct appeal unless the interests of justice require a re-litigation. Nor may a petitioner simply revise a previously rejected argument by alleging different facts or by asserting different legal theories. So it doesn't seem to me that the Washington Court of Appeals said you can't appeal what we're saying. Correct, Your Honor. Okay. And in fact, there were multiple claims raised in the personal restraint petition, multiple claims of ineffective assistance of counsel that the Court of Appeals addressed using the Strickland standard and Mr. Senior didn't appeal those either. He also did not appeal a prosecutor misconduct claim. He chose to focus solely on a claim of newly discovered evidence in his petition for review to the State Supreme Court. So it was his choice, not the Court of Appeals' decision, that determined what claims he would proceed on to the State Supreme Court. And in the Martinez, the U.S. Supreme Court was very clear it was creating a very narrow exception to the general rule in Coleman as to what constitutes cause for a procedural fault. In Martinez, they dealt with a situation where the default occurred in the initial collateral review proceeding, the first proceeding where the petitioner could raise a claim. Here in that first proceeding, the petitioner actually did raise the claim. And for that reason, Martinez does not apply. And I came across a case late last night as I was preparing for argument. It's out of the Eighth Circuit and I will submit a supplemental citation to authority. I just didn't have time last night. It is Franklin v. Hawley, 879 Fed Third 307. It was issued just this January, January 5th, 2018, and it essentially resolved this issue. And it found that Martinez did not apply because the petitioner there who was proceeding pro se in state court . . . What's the page site? The page site is at 313, Your Honor. Sure would be helpful generally in 28J letters if we got those. You know, we usually get a flood of them on Fridays. So even those are a little late, but we're happy to read them over the weekend. And I apologize . . . Now we're even a week beyond that. I do apologize, Your Honor. I was in a trial last week and then I've been sick all this week and I just finally got a chance to do some . . . This is a Ninth Circuit case? It's an Eighth Circuit case, Your Honor. So it's only persuasive authority. What's the date? January 2018, did you say? January 5th, 2018, and rehearing en banc was denied in February 2018. Thank you. And so, Your Honors, there is no application of the Martinez rule to this case simply because the claim was not defaulted in the initial proceeding. It was defaulted when he sought discretionary review. The Supreme Court has said that there is no right to counsel and that Martinez doesn't apply to appeals from the initial proceeding, which this was. And finally, I would point out that this Court's decision in Hunton v. Sinclair, which is cited in the brief, said that this Court lacks authority to expand Martinez. The Supreme Court has been very clear that Martinez is very narrow and only applies in a limited situation. Coleman applies in all other situations. And this Court in Hunton said this Court lacks the authority to expand it. Only the Supreme Court can expand the Martinez rule. Moving to the uncertified issue, which is the confrontation violation, there are two reasons that the district court properly denied this claim. The first is it's not testimonial hearsay, so Crawford does not apply. This was a statement made by two cousins talking in a private apartment before they had actually been signaled out as being suspects by the police. And it was an informal conversation. It was not a witness-bearing testimony. It was not a statement being made in lieu of actually appearing in court. And in fact, Mr. Swaggety's comment wasn't even a statement, it was a question. The statement was the response, the shaking of the head by Mr. Senior. That was the statement that was admitted. And that was his, and that's the second reason it's not a confrontation violation. It was his own adopted statement. Now there's argument in the briefs about whether or not this was properly admitted as an adopted statement, but those are issues of state law, not issues of federal constitutional law. The only constitutional law issue is if it is his own statement, is that a violation of confrontation clause, and it's not because it's not testimony from a witness he can't cross-examine. Unless the court has further questions, I would ask that the court affirm the district court. Thank you. Thank you. I'll be brief. Again, I just want to stress that the point is not what should Mr. Senior have done. Of course, he should have presented his claim to the Washington Court of Appeals. The question is not what would an attorney have done. Of course, an attorney would have presented the claim to the Washington Court of Appeals. The point is that the way that this opinion was written with regard to Mr. Senior, it led him to believe that he did not have the right to present it. You know what? I've read that quite a few times. It seems like it, he unreasonably took it to mean, because it's hard for me to see how he reasonably took it to mean he couldn't appeal it. Is there specific language there you think we should be focusing on? Well, again, I just, I believe that the fact that the court told him he may not present the claim indicated to him that he could not believe it. I believe that's reasonable. At the end of the day, even if this court disagrees with whether Martinez applies, which I believe it clearly does, because again, if you read through Martinez, every time it is read, it specifically references attorney errors, not pro se errors. Even if it doesn't believe that Martinez specifically applies, the equities weigh in favor of ruling in favor of Mr. Martinez. So I ask this Court to reverse and remand. Thank you. Thank you. The case just argued is submitted. And thank you both for your argument today.
judges: Hawkins, McKeown, Teilborg